IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAVEZ HOLDEN, )
)
    Plaintiff, ) Civil Action No. 18-237 Erie
)
v. ) District Judge Baxter
)
JOHN E. WETZEL, et al., )
)
    Defendants. )

## MEMORANDUM ORDER

Pending before the Court in the above-captioned case is Plaintiff's motion to file a supplemental pleading. ECF No. 30. This is the second time the Plaintiff has sought leave to file a supplement to his Second Amended Complaint ("SAC"), the primary operative pleading in this case. ECF No. 11. Previously, the Court permitted Plaintiff to supplement the SAC, and that initial supplement was filed as a separate docket entry on July 25, 2019 at ECF No. 29.

As with his prior two pleadings, Plaintiff's proposed second supplemental pleading sets forth a series of retaliatory acts and other misconduct that allegedly occurred during the period of his confinement at SCI-Forest. Currently, however, Plaintiff is confined at SCI-Greene. Accordingly, while the Court is inclined to allow Plaintiff this one final amendment to his SAC, **it will not permit any additional amendment or supplementation hereafter.** At this point, Plaintiff has been given numerous opportunities to amend and supplement his original complaint. The pleadings are already protracted and cumbersome, and the Court has expended considerable time and expense in providing service copies of same to the U.S. Marshal. The Court also foresees no need for further amendment, as Plaintiff is no longer interacting with the officials at SCI-Forest who are named in this lawsuit.

1

Although the previously named Defendants have requested that Plaintiff be required to consolidate his various pleadings into one stand-alone complaint, the Court is disinclined to enter such an order, as supplemental pleadings are specifically contemplated by Rule 15(d). Moreover, granting the Defendants' request would unnecessarily result in further delay to these proceedings and would likely result in a consolidated complaint of unmanageable proportions. Instead, the Court will attempt to mitigate the Defendants' pleading burden by allowing them a generous period within which to file their consolidated Rule 12 response. Based upon the foregoing considerations, the following Order is entered:

AND NOW, this 17th day of January, 2020, upon consideration of Plaintiff's Motion to Supplement the Second Amended Complaint, ECF No. [30] and Defendants' response thereto, ECF No. [44], IT IS ORDERED that Plaintiff's motion to supplement is GRANTED. The Clerk is hereby directed to file Plaintiff's Second Supplement to the Second Amended Complaint (currently docketed at ECF No. 30) as a separate docket entry. **<u>No further supplementations or amendments to the operative pleading shall be permitted</u>**.

IT IS FURTHER ORDERED that the United States Marshal shall mail a copy of the Second Amended Complaint, the First and Second Supplements thereto, "Notice of Lawsuit and Request for Waiver of Service of Summons," waiver form, and this Order to each newly identified Defendant as directed by Plaintiff. Costs shall be advanced by the United States. The Defendants are requested to waive service pursuant to Federal Rule of Civil Procedure 4(d). Plaintiff is advised that, to the extent he fails to give the U.S. Marshal correct instructions for mailing to any Defendant, his claims against that Defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

IT IS FURTHER ORDERED that defense counsel shall have leave to file a single, consolidated response to Plaintiff's Second Amended Complaint, and First and Second supplements thereto, on behalf of all Defendants that counsel may be representing. In all other respects the response shall be in accordance with Rule 12 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Plaintiff shall hereafter serve upon each Defendant or, if an appearance has been entered by counsel, upon Defendants' attorneys, a copy of every document submitted for consideration by the Court and shall include on the original document filed with the Clerk of Court a certificate stating the date upon which a true and correct copy of the document was mailed to each Defendant or his counsel. Any document received by the Court that has not been filed with the Clerk, or that fails to include a certificate of service, shall be disregarded by the Court.

IT IS FURTHER ORDERED that Plaintiff shall immediately advise the Court of any change in address. **Failure to do so may result in dismissal of this action for failure to prosecute if the Court and other parties are unable to serve orders and other documents upon Plaintiff.**

                                                               Susan Paradise Baxter
                                                               United States District Judge

cc:      SHAVEZ HOLDEN
          EF-5888
          SCI Greene
          169 Progress Drive
          Waynesburg, PA 15370
          (by U.S. mail)

          United States Marshal Service